## Tabor & a. v. Harriman.

A purchaser of logs, who pays a debt of the vendor secured by a lien on the logs, may set up his compulsory discharge of the lien, or the partial failure of title in reduction of damages, in an action brought against him by the vendor for the price.

Assumpsit, for a balance due for logs sold. Facts found by a referee.

The plaintiffs agreed to sell and deliver to the defendant, in Connecticut river, below the mouth of Indian Stream, 150,000 feet of spruce logs,—the defendant to deliver to one Vandyke, at the same place, a large amount of similar logs; and it was understood by the plaintiffs that Vandyke, under his contract with the defendant, was to have their logs. The logs were delivered upon the banks of Indian Stream, and driven by Vandyke to the place of delivery in the Connecticut river. The plaintiff employed Vandyke for a reasonable compensation to drive the logs to the place of delivery; and when Vandyke settled with the defendant, he retained $68.66, which was a reasonable compensation for driving them. Vandyke retained possession of the logs continuously, and claimed a lien on them for driving. This suit is brought to recover the $68.66 retained by Vandyke.

*Dudley,* for the plaintiffs.

*Aldrich & Parsons*, for the defendant.

STANLEY, J.   Vandyke had a lien on the logs for driving them. 2 Kent Com. 635, and notes; *Jacobs* v. *Knapp*, 50 N. H. 71, 76. That lien the defendant was compelled to discharge before he could have the plaintiffs' logs to apply on his contract with Vandyke. Having discharged it, the amount paid for that purpose was money paid, laid out, and expended for the plaintiffs, and was proper matter of defence against their claim for pay for the logs.   Upon the facts stated, the defendant is entitled to

*Judgment on the report.*

ALLEN, J., did not sit: the others concurred.